UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
TOWN OF NEWBURGH, NEW YORK,

                            Plaintiff,

    - against -

NEWBURGH EOM LLC, NEWBURGH
EOM LLC d/b/a CROSSROADS HOTEL, and
CROSS ROADS HOTEL,

                            Defendants.
-------------------------------------------------------------x

**OPINION & ORDER**

No. 23-CV-4212 (CS)

Appearances:

Jeffrey D. Sherwin
Nicholas J. Berwick
MacVean, Lewis, Sherwin & McDermott, P.C.
Middletown, New York
*Counsel for Plaintiff*

Todd E. Soloway
Todd B. Marcus
Jacob B. Orgel
Pryor Cashman LLP
New York, New York
*Counsel for Defendants*

Seibel, J.

      Before the Court is the motion of Defendant Newburgh EOM LLC, also sued herein as the Cross Roads Hotel (the "Hotel" or "Defendant"), to stay the Court's order of remand dated January 23, 2024, (ECF No. 36 (the "Remand Order")), pending the outcome of the Hotel's appeal of that Order to the Second Circuit. (ECF No. 38.)  For the reasons stated below, the motion is DENIED.

I. **BACKGROUND**

Plaintiff Town of Newburgh (the "Town" or "Plaintiff") sued the Hotel in New York State Supreme Court, Orange County, on May 12, 2023, asserting violations of the Town Building Construction Code and Town Municipal Code arising out of a plan to use the Hotel to house asylum seekers for four months. (*See* ECF No. 4-1.) The Hotel timely filed a notice of removal on May 21, 2023, asserting federal question jurisdiction pursuant to the "arising under" doctrine of 28 U.S.C. § 1331 that is incorporated into 28 U.S.C. § 1441. (*See* ECF No. 4 ¶¶ 5-21.) On June 12, 2023, the Hotel filed an Amended Notice of Removal, (ECF No. 20 (the "ANOR")), asserting that removal was also proper as a civil rights case under 28 U.S.C. § 1443(1), (*see id.* ¶¶ 12-31). On June 23, 2023, the Town moved to remand the action to state court. (ECF No. 29.) On January 23, 2024, I granted the motion. (Remand Order.) The Hotel filed a Notice of Appeal on February 5, 2024, (ECF No. 37), and filed the instant motion seeking a stay of the Remand Order pending appeal on February 27, 2024, (ECF No. 38), the same day that it filed its appellate brief with the Second Circuit, (*see* ECF No. 39 at 1 n.1). On March 1, 2024, I set a briefing schedule, (*see* ECF No. 45), and the instant motion is now fully briefed. At the Hotel's behest, the Second Circuit has ordered an expedited briefing schedule, (*see* 2d Cir. Case No. 24-328, ECF No. 40.1), and the appeal will be fully briefed by May 13, 2024, (*see id.*; ECF No. 50 ("Hotel's Reply") at 1 n.2).

II. **LEGAL STANDARD**

A stay pending appeal is "not a matter of right, even if irreparable injury might otherwise result," but rather is "a discretionary determination dependent on the specifics of the matter before the court." *Leroy v. Hume*, 563 F. Supp. 3d 22, 25 (E.D.N.Y. 2021) (citing *Nken v.*

*Holder*, 556 U.S. 418, 433-34 (2009)).[1]  "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion," and the court considers four factors to determine if that burden has been met: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *Nken*, 556 U.S. at 433-34; *see U.S. S.E.C. v. Daspin*, 557 F. App'x 46, 47-48 (2d Cir. 2014) (summary order); *Leroy*, 563 F. Supp. 3d at 25-26; *Strougo v. Barclays PLC*, 194 F. Supp. 3d 230, 233 (S.D.N.Y. 2016); *Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 640 (S.D.N.Y. 2012).  "The degree to which a factor must be present varies with the strength of the others;" put another way, "more of one factor excuses less of the other."  *Daspin*, 557 F. App'x at 48; *see Strougo*, 194 F. Supp. 3d at 233 ("Courts have treated these factors like a sliding scale").  But the first two factors – the movant's likelihood of success on the merits and whether the movant will suffer irreparable injury absent a stay – are the "most critical" factors.  *Nken*, 556 U.S. at 434; *see Daspin*, 557 F. App'x at 48; *Strougo*, 194 F. Supp. 3d at 233.  The burden on the moving party to show that a stay is justified under the circumstances is a heavy one.  *See Usherson v. Bandshell Artist Mgmt.*, No. 19-CV-6368, 2020 WL 4228754, at *1 (S.D.N.Y. July 22, 2020); *Vista Food Exch., Inc. v. Lawson Foods, LLC*, No. 17-CV-7454, 2019 WL 6498068, at *1 (S.D.N.Y. Dec. 3, 2019).

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

### III.     DISCUSSION

The Hotel appealed the Remand Order under 28 U.S.C. § 1447(d), (*see* ECF No. 39 at 1), which permits a party to appeal when the case was originally removed as a civil rights case under 28 U.S.C. § 1443(1), *see* 28 U.S.C. § 1447(d), and it requests a stay pending that appeal pursuant to Federal Rule of Appellate Procedure Rule 8(a), (*see* ECF No. 40 ("Hotel's Mem.") at 5-7).[2] Applying the above standards, I find that the Hotel has not carried its heavy burden to show that such a stay is warranted.

#### A.     The Hotel Has Not Made a Strong Showing of Success on the Merits

To satisfy the first factor, "the appellant must demonstrate a substantial showing of likelihood of success, not merely the possibility of success, because the appellant must convince the reviewing court that the lower court . . . has likely committed reversible error." *Blossom S., LLC v. Sebelius*, No. 13-CV-6452L, 2014 WL 204201, at *3 (W.D.N.Y. Jan. 17, 2014); *see U.S. S.E.C. v. Citigroup Glob. Mkts. Inc.*, 673 F.3d 158, 163 (2d Cir. 2012) ("We first turn to whether [the movant] ha[s] a strong likelihood of success on the merits in [its] effort to overturn the court's ruling."); *Vista Food Exch.*, 2019 WL 6498068, at *1 (factor did not support granting stay where movant did not "ma[ke] a strong showing that it is likely to prevail on the merits on appeal"); *Nat. Res. Def. Council, Inc. v. U.S. Food & Drug Admin.*, 884 F. Supp. 2d 108, 122 (S.D.N.Y. 2012) ("[O]ft-repeated standard indicates that an applicant must 'make a strong showing that [it] is likely to succeed on the merits.'") (quoting *Hilton v. Braunskill*, 481 U.S.

---

[2] The Hotel cited Federal Rule of Appellate Procedure 8(a)(2)(A)(i), (ECF No. 40 ("Hotel's Mem.") at 1), but that is the provision for requesting a stay directly from the Court of Appeals when it would be impracticable to move first in the District Court. Stay applications to the District Court are governed by Federal Rule of Civil Procedure 62. But the distinction is unimportant, as the standards under both rules are the same. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Whitehaven S.F., LLC v. Spangler*, No. 13-CV-8476, 2014 WL 5510860, at *1 n.3 (S.D.N.Y. Oct. 31, 2014).

770, 776 (1987)); *see also Strougo*, 194 F. Supp. 3d at 233 ("demonstrating likelihood of success on the merits requires more than a mere possibility of relief").

The Hotel raises several arguments regarding its likelihood of success on the merits. First, it argues that the Court erred by failing to accept as true facts alleged in the ANOR that the Hotel contends satisfy the standard for removal under 28 U.S.C. § 1443(1). (*See* Hotel's Mem. at 5-7.) For example, the Hotel in its brief contends that the ANOR alleged that the Town "act[ed] in furtherance of the Executive Order issued by Orange County (the 'EO')" by commencing "litigation to punish [the Hotel] for providing accommodations to Asylum Refugees," (*id.* at 6-7), "conducted a sham investigation of the Hotel . . . and used the results of that investigation as a pretext to claim a violation of local building and zoning codes," (*id.* at 7), "commenced the State Action to punish [the Hotel] and Asylum Refugees for exercising their respective rights under Title II [of the 1964 Civil Rights Act ('Title II'), 42 U.S.C. § 2000a *et seq.*]," (*id.*), and "obtained a [temporary restraining order ('TRO')]" that, among other things, "prohibit[s] [the Hotel] from operating in a manner which [the Town] baselessly termed a violation of the Hotel's certificate of occupancy, but which includes providing accommodations to Asylum Refugees," (*id.*). But these allegations do not appear in the ANOR, which says nothing about an investigation or punishment and does not characterize as baseless the Town's finding of a violation of the Hotel's certificate of occupancy.

This leaves the allegations that the Hotel correctly alleges appear in the ANOR: "that, through the State Action, [the Town] is enforcing the object and purpose of the EO by pretextually and selectively prosecuting facially neutral zoning laws to enforce racially

5

discriminatory policies in violation of federal laws"[3] and that the "continued proceedings in the courts of New York State shall constitute a continued denial of [the Hotel's] civil rights conferred by Title II." (*Id.*).

These allegations are conclusory, without supporting facts, and, as the Court originally determined, are insufficient to support removal under Section 1443(1). (*See* Remand Order at 10-15 (citing authority for proposition that reliance on mere conclusory allegations did not support removal under Section 1443(1)).) An appellant seeking a stay must "do more than simply reiterate arguments with which the court has already disagreed." *New York Life Ins. Co. v. Singh*, No. 14-CV-5726, 2017 WL 10187669, at *2 (E.D.N.Y. July 13, 2017). The Hotel does "little more than recite in conclusory fashion numerous points on which the Court has ruled against [it], apparently in the belief that quantity can substitute for quality. Mere conclusions, however, whether applied to one issue or many, do not constitute any kind of showing, let alone the requisite 'strong showing.'" *Motorola Credit Corp. v. Uzan*, 275 F. Supp. 2d 519, 520 (S.D.N.Y. 2003). Considering the ANOR as filed, rather than as exaggerated in the Hotel's brief, the Hotel's argument is that conclusory allegations of pretext and selective enforcement must be accepted as true. But that does not suggest any likelihood that it will succeed on the merits of its appeal, let alone a strong showing, in light of the case law to the effect that conclusory allegations of discriminatory motive do not suffice. *See Moeller v. Rodriguez*, No. 96-2237, 1997 WL 268588, at *1 (10th Cir. May 21, 1997) ("The second requirement [of Section 1443(1) removal] must be satisfied by specific allegations of fact.") (citing 14A Wright

---

[3] As I noted in the Remand Order, at oral argument in state court, the Hotel's counsel suggested – seemingly to establish selective enforcement of the Town's zoning and occupancy laws – that the Hotel might have housed veterans long-term without any action by the Town. (*See* Remand Order. at 13 n.9.) This allegation turned out to be untrue, and the Hotel's counsel the next day appropriately submitted a letter correcting his remarks. (*See id.*)

et al., *Federal Practice & Procedure* § 3728, at 469 (2d ed. 1985)); *Four Keys Leasing & Maintenance Corp. v. Simithis*, 849 F.2d 770, 774 (2d Cir. 1988) (rejecting "[removal] petition [that] was entirely conclusory" and "made no reference to any law that suggested in any way that his civil rights were denied or could not be enforced in state court"); *Ronan v. Stone*, 396 F.2d 502, 503 (1st Cir. 1968) ("State proceedings do not become civil rights matters by generalized, not to mention unsupported, allegations") (*per curiam*); *Bogart v. California*, 355 F.2d 377, 381-82 (9th Cir. 1966) (petition which was "generally conclus[ory] and lacking any factual basis for an alleged deprivation of a civil right" did not support removal under section 1443(1)); *Grohs v. Grohs*, No. 17-CV-1605, 2017 WL 4678182, at *3-4 (D. Conn. Oct. 17, 2017) (failure to plausibly allege that "race-based civil rights were denied or could not be enforced in state court" did not support removal under Section 1443), *adhered to on reconsideration*, 2017 WL 5171845 (D. Conn. Nov. 8, 2017); *Rizzitelli v. Thompson*, No. 11-CV-607, 2014 WL 3819212, at *3 (D. Conn. Aug. 4, 2014) ("To support removal under § 1443(1), it is not sufficient merely to allege that a law, fair on its face, is being administered in a discriminatory manner."); *Murray v. Deer Park Union Free Sch. Dist.*, 154 F. Supp. 2d 424, 427 (E.D.N.Y. 2001) ("[Petitioner] does not recite any specific facts in support of his vague and conclusory assertion. Accordingly . . . the petition is insufficient on its face, and the case must be remanded.").[4]

---

[4] *See also, e.g.*, *Mackey v. Massachusetts*, 582 F. Supp. 3d 1, 4 (D. Mass. 2022) (conclusory statements that petitioner could not enforce federal rights to equal protection in state court were not sufficient to support removal); *Wells Fargo Bank N.A. v. Gutin*, No. 15-CV-1449, 2015 WL 12660403, at *2 (C.D. Cal. Mar. 10, 2015) ("Nothing in Defendant's conclusory allegations . . . commands the state courts to ignore Defendant's federal rights."); *North Carolina v. Mitchell*, 76 F. Supp. 3d 618, 620 (E.D.N.C. 2014) (denying removal under Section 1443(1) where defendant "has failed to plausibly allege that he has been denied or cannot enforce the right to racial equality [under Title II] in the . . . state courts."); *Murray v. Hy Cite Corp/Royal Prestige*, 150 F. Supp. 2d 527, 530 (E.D.N.Y. 2001) (insufficient "[to] allege a violation of [a] right to equal protection in the most vague and conclusory fashion"); *New York v. Mitchell*, 637

The reason for this rule is obvious: if a defendant in a state enforcement action, civil or criminal, could remove based on conclusory allegations of discrimination, state enforcement would grind to a halt. *See generally City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 832 (1966) ("[I]f the individual petitioners should prevail in their interpretation of § 1443(1), then every criminal case in every court of every State – on any charge from a five dollar misdemeanor to first-degree murder – would be removable to a federal court upon a petition alleging (1) that the defendant was being prosecuted because of his race and that he was completely innocent of the charge brought against him, or (2) that he would be unable to obtain a fair trial in the state court."); *Davis v. Glanton*, 107 F.3d 1044, 1050 (3d Cir. 1997) ("In creating such a narrow range of cases that are susceptible to removal, the Supreme Court sought to ensure that removal would be available only in cases where the predicted denial of equal civil rights appeared with relative clarity prior to trial. For if the denial was less clear, the federal courts would become involved in the unseemly process of prejudging their [colleagues] of the state courts."); *New York v. Smith*, 952 F. Supp. 2d 426, 432 (E.D.N.Y. 2013) (where no allegation that state law would "deny the Defendant's constitutionally protected civil rights," removing the case "would operate to work a wholesale dislocation of the historic relationship between the state and the federal courts in the administration of the criminal law").

Moreover, as I previously concluded, the Hotel's argument rests, at least in part, on a misleading and disingenuous assertion that the County's discriminatory EO[5] directs the Town to

---

F. Supp. 1100, 1103 (S.D.N.Y. 1986) ("Since the petitioner has not referred the court to a single provision of the laws of New York that will operate to deny him his equal civil rights if the trial is permitted to go forward in state court, the petition for removal must be denied.").

[5] In a separate case, the Honorable Nelson S. Román enjoined enforcement of the Orange County EO, finding it likely violated the Equal Protection Clause, 42 U.S.C. § 1981, Title II of

enforce it, despite the EO directing no such thing. (*See* Remand Order at 13 n.10.)[6] It is difficult to believe that repeating misleading assertions – or mischaracterizing the ANOR's allegations – will sway the Second Circuit on the merits.

The Hotel is correct that I should not have, in the portion of the Remand Order in which I summarized the Town's state-court complaint, used the language customarily used for motions to dismiss, indicating that I accepted those allegations as true for purposes of the motion. (Remand Order at 1; *see* Hotel's Mem. at 4-6.) I should simply have said that I was summarizing the Town's complaint. But my decision did not turn on whether or not the Town's allegations were true. Rather, I did what the Hotel says I should have done, (*see* Hotel's Mem. at 5), and treated the ANOR as the operative pleading, assessing its plausibility. The ANOR did not dispute the facts alleged in the Town's complaint, but rather alleged that the Town, in bringing the case, was acting out of a discriminatory motive. Without saying that I was doing so, I assessed those allegations under the standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), which require sufficient factual material to render the pleading's conclusions not just possible, but plausible. Given the conclusory nature of the ANOR's allegations against the Town, and the fact that its factual allegations suggesting discrimination reflected principally on the County, there was and is simply not enough factual material to render not just possible, but plausible, the conclusion that the Town, in bringing the lawsuit, was doing the County's discriminatory bidding or otherwise

---

the Civil Rights Act, and the Due Process Clause. *See Deide v. Day*, 676 F. Supp.3d 196, 222-30 (S.D.N.Y. 2023).

[6] Apart from that, the ANOR contained facts regarding statements by Orange County officials suggesting discriminatory motivation in enacting the EO, (*see* ANOR ¶ 25), but no comparable facts – as opposed to conclusions – about the motivations of officials of the Town of Newburgh.

9

violating the civil rights laws. (*See* Remand Order at 13.) Accordingly, while the Hotel is correct that in form I erroneously stated that I was treating the Town's complaint as the operative pleading, in substance I did what the Hotel says I should have done, and treated its ANOR as such. It would elevate form over substance to vacate my decision on that ground, and I do not find that outcome likely.

Second, the Hotel argues that the Supreme Court decisions *Georgia v. Rachel*, 384 U.S. 780 (1966), and *Peacock*, 384 U.S. 808, support its claim that the mere pendency of the State Action constitutes a denial of its Title II rights because the Town commenced the action – under the pretext of enforcing local laws – to prosecute the Hotel for affording public accommodations to the asylum seekers. (*See* Hotel's Mem. at 8-15.) Again, the Hotel repeats the same arguments that I already considered and rejected in my Remand Order, (*see* Remand Order at 11-15), and I need not rearticulate those reasons here. To put it simply, the lack of factual basis either for the ANOR's conclusory allegations of the Town's discriminatory motive or for the suggestion that the Hotel could not vindicate its civil rights in state court, (*see* Remand Order at 14 ("The ANOR pleads no facts from which the court can 'make the clear prediction that the [Hotel] will be denied or cannot enforce in the courts of the State the right to be free of any attempt to punish [it] for protected activity.'") (quoting *Rachel*, 384 U.S. at 805)) – does not suggest a strong showing of likelihood of success on the merits. *See* pages 6-8 above; *see also Nat. Res. Def. Council, Inc.*, 884 F. Supp. 2d at 123 (repeated arguments that had been already considered and rejected did not make a strong showing of likelihood of success) (collecting cases).[7]

---

[7] Repeating another argument, the Hotel asserts that it was entitled to an evidentiary hearing because the ANOR pleaded that the state action was "motivated by discriminatory animus and intended to punish or attempt to punish the exercise or attempted exercise of the right to the full and equal enjoyment of public accommodations." (Hotel's Mem. at 11; *see id.* at 10-

10

Next, the Hotel raises for the first time[8] that it cannot assert its Title II rights in state court because federal courts have exclusive jurisdiction over such claims. (Hotel's Mem. at 16-18; Hotel's Reply at 8.) Its failure to preserve this argument renders it unlikely that the Circuit will consider it for the first time on appeal. *See Whitehaven S.F., LLC v. Spangler*, No. 13-CV-8476, 2014 WL 5510860, at *2 (S.D.N.Y. Oct. 31, 2014) ("Respondents have not made a strong showing that they are likely to succeed on the merits" because "[t]o the extent that Respondents raise new arguments on appeal that they did not raise in their opposition to Petitioner['s] . . . motion to compel arbitration, such arguments are not supportive of this factor because an appellate court will not consider an issue raised for the first time on appeal."); *see*

---

13.) In support, the Hotel cites several of the same cases that I distinguished from this case in the Remand Order. (*Compare* Hotel's Mem. at 11-13 *with* Remand Order at 15 n.11.) The Hotel does not grapple with these distinctions, nor does it explain why it is likely that the Circuit would disagree with my conclusion. All but one of cases cited by the Hotel in which evidentiary hearings were conducted, (*see* Hotel's Mem. at 11-13), predate *Twombly* and *Iqbal*, which established the plausibility standard. Prior to those decisions, an allegation had to be taken as true, even if conclusory, as long as there was a set of facts under which it could conceivably be true. *See Twombly*, 550 U.S. at 561-63 (discussing retirement of "no set of facts" standard from *Conley v. Gibson*, 355 U.S. 41 (1957)). There is no reason to believe that the courts that held hearings to determine the merits of allegations of discrimination back then would, if provided with only conclusory allegations, hold a hearing today, when allegations must have sufficient factual matter "to nudge" them "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 683; *see Twombly*, 550 U.S. at 570. *New Haven Firefighters Local 825 v. City of New Haven*, is easily distinguishable because there the individual plaintiff had provided facts rendering it plausible that the union had acted with retaliatory motive in trying to oust him from his position, *see* 120 F. Supp. 3d 178, 187-88 (D. Conn. 2015), and a quirk of state procedural law precluded him from raising that fact in state court, *id.* at 201-02. Because whether the effort to oust him was a violation of federal law could not be heard in state court, removal was proper. *Id.* at 205-06. The Court ordered an evidentiary hearing to determine whether the plaintiff could prove the retaliatory motive that he had plausibly alleged, and planned to remand the case if he could not. *See id.* at 206. The hearing was appropriate because the allegations of improper motive passed the plausibility test of *Twombly* and *Iqbal*. *See id.* at 188. Nothing in that case suggests conclusory allegations of discriminatory motive warrant a hearing.

[8] The Hotel concedes that it did not make this argument in opposition to the Town's motion to remand. (Hotel's Reply at 3 n.3.)

11

*also Doe v. Trump Corp.*, 6 F.4th 400, 410 (2d Cir. 2021) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal."); *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 133 (2d Cir. 2008) ("Although we may exercise discretion to consider waived arguments where necessary to avoid a manifest injustice, the circumstances normally do not militate in favor of an exercise of discretion to address new arguments on appeal where those arguments were available to the parties below and they proffer no reason for their failure to raise the arguments below.").

In any event, the Supreme Court's decisions in *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820 (1990), and *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 380 (2012), indicate that the Hotel does not have a likelihood of success on its contention that Title II establishes exclusive federal jurisdiction. "To give federal courts exclusive jurisdiction over a federal cause of action, Congress must, in an exercise of its powers under the Supremacy Clause, affirmatively divest state courts of their presumptively concurrent jurisdiction." *Yellow Freight*, 494 U.S. at 823. In *Yellow Freight*, the Supreme Court interpreted the enforcement provision of Title VII of the Civil Rights Act of 1964, which provides: "each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter." 494 U.S. at 823 (quoting 42 U.S.C. § 2000e-5(f)(3)). The Supreme Court concluded that "Title VII contains no language that expressly confines jurisdiction to federal courts or ousts state courts of their presumptive jurisdiction," and "[t]he omission of any such provision is strong, and arguably sufficient, evidence that Congress had no such intent." *Id.* In *Mims*, the Supreme Court reaffirmed this conclusion by citing *Yellow Freight* for the proposition that Title VII's language – "each United States district court shall have jurisdiction of actions brought under this subchapter" – did not strip state courts of

presumptive concurrent jurisdiction.  *See Mims*, 565 U.S. at 380.  The language of Title VII's enforcement provision is nearly identical to the language of Title II's:  "The district courts of the United States shall have jurisdiction of proceedings instituted pursuant to this subchapter. . . ." 42 U.S.C. § 2000a-6(a).  Given the Supreme Court's opinions in *Yellow Freight* and *Mims* and the similarity between the language of both enforcement provisions, it is difficult to conceive that Title II would confer exclusive federal jurisdiction while Title VII would not.

The Hotel rests its argument to the contrary on 42 U.S.C. § 2000a-6(b), which states, "[T]he remedies provided in this subchapter shall be the exclusive means of enforcing the rights based on this subchapter . . . ."  The Hotel cites to courts that have found this language to suggest that federal courts have exclusive jurisdiction over Title II claims.  (*See* Hotel's Mem. at 17-18.)  In *Casa Marie, Inc. v. Superior Ct. of Puerto Rico for Dist. of Arecibo*, 988 F.2d 252, 261 (1st Cir. 1993), the First Circuit cited *Dilworth v. Riner,* 343 F.2d 226, 230-32 (5th Cir. 1965), for the proposition that Title II "constitutes [an] 'express' exception, as it vests exclusive jurisdiction in federal courts."  But *Dilworth* did not say that.  It said that "Section 207(a) [of the Civil Rights Act, 42 U.S.C. § 2000a-6(b)] vests jurisdiction of such actions in the District Courts of the United States," *Dilworth*, 343 F.2d at 230, but it did not discuss whether state courts would also have such jurisdiction.  Rather, it found Title II to contain "express" authorization for injunctions of state court proceedings.  *Id.* at 231.  *Hudgins v. Higginbotham*, 82 Va. Cir. 152 (2011), relied on *Casa Marie*.  *State Comm'n for Hum. Rts. v. Kennelly*, 299 N.Y.S.2d 342, 346 (Sup. Ct. 1969), said in dictum, without analysis, that an "intervenor would have to enforce a violation of [Title II] in the federal courts."  Other courts go the other way with equally scant analysis. *Briggs v. City of Cincinnati*, 76 F. App'x 605, 607 (6th Cir. 2003), citing *Yellow Freight*, found that the plaintiff "could have invoked [Title II] in state court because state courts have concurrent

13

jurisdiction over civil rights actions based on federal law." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 451 (7th Cir. 2005), described *Yellow Freight* as holding that "claims under the Civil Rights Act of 1964 may be resolved in state as well as federal courts," without differentiating between Title II and Title VII.  Competing lines of unenlightening decisions hardly suggests a substantial likelihood that the Circuit will adopt the one urged by the Hotel.

Moreover, the better view appears to be that that § 2000a-6(b) relates not to jurisdiction but, as it says, to "remedies," and that it means that the injunctive relief offered by Title II, and not damages, is the only redress to which a successful plaintiff is entitled.  *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 n.5 (1970) ("Congress deliberately provided no damages remedy in the Public Accommodations Act itself, and § 207(b) provides that the injunction remedy of § 206 was the exclusive means of enforcing the rights based on this title."); *United States v. Johnson*, 390 U.S. 563, 567 (1968) ("[A]s we read the Act, the exclusive-remedy provision of § 207(b) was inserted only to make clear that the substantive rights to public accommodation defined in § 201 and § 202 are to be enforced exclusively by injunction.").

Thus, the Hotel has not shown a likelihood, let alone a strong one, that it will succeed on its unpreserved argument that Title II vests exclusive federal jurisdiction.

Finally, the Hotel argues that a stay is appropriate because its appeal presents novel, consequential, and complex questions, including the question of whether Title II vests exclusive federal jurisdiction.  (*See* Hotel's Mem. at 18-19.)  At the threshold, the argument that this appeal presents "novel" questions appears to undermine the Hotel's contention that the result it seeks in this case is mandated by the 1966 decisions of *Rachel* and *Peacock*.  In any event, the issue of Title II jurisdiction may, as the Hotel contends, (Hotel's Mem. at 18; Hotel's Reply at 8 n.5), be one of first impression in this Circuit, but "courts have frequently held the mere fact an issue is

14

one of first impression is insufficient to demonstrate a party has a likelihood of success on the merits," *Martin v. LCMC Health Holdings, Inc.*, No. 23-CV-411, 2023 WL 5173791, at *4 (E.D. La. Aug. 11, 2023); *see Leroy*, 563 F. Supp. 3d at 28 ("That the issue of federal officer jurisdiction in the context of COVID-19 is one of first impression on appeal does not render defendants' federal officer claim more colorable.").

In short, merely making a "novel" argument does not indicate whether the Circuit would be more or less likely to reverse the Remand Order here. *Cf. New York Life Ins. Co.*, 2017 WL 10187669, at *2 (novel arguments may be made "because no other lawyer had bothered to make such an obviously flawed argument"). Likewise, that the appeal will have "potentially large downstream consequences," (Hotel's Mem. at 19), is true, at least to some degree, of nearly every appeal, and presumes that the Second Circuit will agree with the Hotel. And while there is some degree of complexity in sorting through the case law interpreting Section 1443(1) removal, the issue regarding conclusory allegations and lack of factual support in a removal petition – the crux of the ruling here – is not complex. While the unpreserved argument regarding Title II jurisdiction is an open question, for the reasons stated above I do not find it likely to result in success for the Hotel. Thus, I find that alleged novelty or complexity do not weigh in favor of granting a stay.

Nor does the Hotel satisfy the more flexible serious-questions standard. "[A] party seeking a stay may satisfy the first factor – likelihood of success – by showing that there are serious questions going to the merits of the dispute and that the balance of hardships tips decidedly in its favor." *Munoz v. Jamaica Builders LLC*, No. 23-CV-78640, 2023 WL 8252039, at *3 (E.D.N.Y. Nov. 29, 2023); *see Sutherland*, 856 F. Supp. 2d at 640-41 (S.D.N.Y. 2012) ("[I]f [appellant] shows serious questions going to the merits of its appeal as well as irreparable

15

harm, [a] stay may be granted if the balance of hardships tips decidedly in favor of the moving party."). As explained above, the Hotel's repeated arguments challenge my decision that found the ANOR's conclusory allegations insufficient to satisfy removal under Section 1443(1) under *Rachel*, *Peacock*, and their progeny. The Hotel's say-so that those conclusions should have been accepted as true "do[es] not come close to raising questions, let alone serious questions, about the Court's decision." *Usherson*, 2020 WL 4228754, at *3; *see Munoz*, 2023 WL 8252039, at *3 (movants' failure to "point to any allegations" in the pleading giving rise to removal "fail[ed] to demonstrate any serious questions on the merits"). With such a weak showing on serious questions, the Hotel would need a substantial showing on balance of hardships, and as I will discuss in a moment, its showing of irreparable harm is weak.

Thus, the first factor weighs strongly against a stay.

### B. The Hotel Has Not Shown Irreparable Harm Absent a Stay

Even if the Hotel had made some showing of likelihood of success, it would have to make a strong showing that it will suffer irreparable harm absent a stay. *See U.S. Commodity Futures Trading Comm'n v. eFloorTrade, LLC,* No. 16-CV-7544, 2020 WL 2216660, at *8 (S.D.N.Y. May 7, 2020) ("Given that Defendants have not shown a likelihood of success on appeal, their showing of irreparable harm must be especially strong."); *Rice Co. v. Precious Flowers Ltd.*, No. 12-CV-0497, 2012 WL 2006149, at *6 (S.D.N.Y. June 5, 2012) ("[T]he amount of irreparable injury a [movant] must demonstrate it will suffer absent a stay is inversely proportional to the probability of its success on the merits."). "Irreparable harm is defined as certain and imminent harm for which a monetary award does not adequately compensate." *Daspin*, 557 F. App'x at 48. "[T]he harm must be truly imminent, and not mere possible injury, or remote and speculative injury." *Id.* at 48; *see Federal Trade Comm'n v. Shkreli*, No. 20-CV-

16

706, 2022 WL 1210834, at *4 (S.D.N.Y. April 25, 2022) ("The party seeking the stay has the burden of showing 'injury that is not remote or speculative but actual and imminent, and for which a monetary award cannot be adequate compensation.'") (quoting *Dexter 345 Inc. v. Cuomo*, 663 F.3d 59, 63 (2d Cir. 2011)).

The Hotel first contends that the pendency of the state action – "motivated by discriminatory animus to punish or attempt to punish [the Hotel] and Asylum Refugees for exercising the Title II right to the full and equal enjoyment of public accommodations" – itself meets its burden because "[c]ourts presume that a violation of a civil rights statute is an irreparable harm." (Hotel's Mem. at 20; *see* Hotel's Reply at 9.) This is simply a repackaging of one of the Hotel's *ipse dixit* merits arguments, and for the reasons stated earlier, it is unpersuasive. *See Frey v. Nigrelli*, No. 21-CV-5334, 2023 WL 2929389, at *4 (S.D.N.Y. April 13, 2023) ("[B]ecause the violation of a constitutional right is the irreparable harm asserted, the two prongs . . . merge into one and in order to show irreparable injury, [the Hotel] must show a likelihood of success on the merits."). As the Hotel did not show a likelihood of success on the merits based on this argument, it also fails to show irreparable harm. *See id.* at *4-5 (second factor weighed against stay because plaintiffs did not show likelihood of success and thus did not show irreparable harm).

Second, the Hotel contends that continuing the State Action would undermine its right to appeal the Remand Order under 28 U.S.C § 1447(d) because the Hotel faces the risk of a state court order mooting the appeal. (*See* Hotel's Mem. at 21-22; Hotel's Reply at 9-10.) This potential injury is too remote and speculative to constitute irreparable harm. For the Hotel's appeal to become moot, the state court would need to issue a dispositive order that is unfavorable to the Hotel, and then the Second Circuit would have to resolve the Hotel's appeal in the Hotel's

17

favor.  That those events would occur in that order is conjecture that does not amount to irreparable harm.  *See Nken*, 556 U.S. at 434-35 ("[S]imply showing some possibility of irreparable injury fails to satisfy the second factor."); *Munoz*, 2023 WL 8252039, at *4 (same); *Bionpharma Inc. v. CoreRx, Inc.*, No. 21-CV-10656, 2022 WL 580767, at *2 (S.D.N.Y. Feb. 24, 2022) (harm that follows "only from a chain of speculative future events" does not constitute irreparable harm in context of a stay pending appeal); *Rivera-Zayas v. Our Lady of Consolation Geriatric Care Ctr.*, No. 20-CV-5153, 2021 WL 4776610, at *4 (E.D.N.Y. Oct. 13, 2021) (defendants' argument that they would be irreparably harmed "if the state court litigation reaches a judgment before the Second Circuit decides their appeal, assuming the appellate panel rules in their favor," was "both remote and speculative" and did not demonstrate a likelihood of irreparable harm); *Leroy*, 563 F. Supp. 3d at 30 ("Defendants' right to appeal is rendered nugatory only if the state court reaches the merits of plaintiffs' claims before the Second Circuit, on appeal, holds that I improperly remanded plaintiffs' case.  However, the likelihood of this outcome is, once again, not truly imminent, but rather a remote and speculative injury."); *see also Bd. of Cnty. Comm'rs. v. Suncor Energy (U.S.A.) Inc.*, 423 F. Supp. 3d 1066, 1074 (D. Colo. 2019) (rejecting defendants' arguments "that state court proceedings could be potentially duplicative, mooted or otherwise wasteful if the Tenth Circuit rules in their favor" and "that the appeal could become moot if the state court enters judgment before the appeal is resolved, meaning that they would lose their appeal rights" as "simply too speculative to rise to the level of irreparable injury"); *Liberty Synergistics, Inc. v. Microflo Ltd.*, No. 11-CV-523, 2013 WL 101427, at *2 n.3 (E.D.N.Y. Jan. 8, 2013) (noting that "[a] majority of courts have held that a risk of mootness, standing alone, does not constitute irreparable harm").

Put another way, the Hotel's argument "rests on several tenuous assumptions: that the Second Circuit will not review [its] appeal before the state court [issues a dispositive order] . . . , that the Second Circuit will find [proper removal] jurisdiction, and finally, that the state court and Second Circuit will disagree on the [substantive issues]." *Leroy*, 563 F. Supp. 3d at 29-30. Such assumptions are at best speculative, *see id.* at 30, especially considering that the Second Circuit has granted an expedited appeal, (*see* Hotel's Reply at 1 n.2), and the state court proceedings are nowhere near the point of any dispositive ruling, (*see* NYSCEF Docket, Index No. EF003105-2023 (showing no activity since remand except (1) a stipulation extending the Hotel's time to respond to the Complaint, and (2) a letter filed by the Hotel requesting an additional extension or a stay)).

The Hotel further argues that a stay is warranted to avoid a risk of conflicting decisions. For example, the Hotel posits that the state court could conclude that it "lacks jurisdiction to adjudicate Title II rights," while the Second Circuit could determine that Title II can be enforced in the state courts and also affirm the Remand Order, and thus the Hotel will have no forum in which to assert its Title II rights. (Hotel's Reply at 9.) But this also rests on speculative assumptions, rather than imminent harm, *see Leroy*, 563 F. Supp. 3d at 29-30 (rejecting argument regarding speculative risk of conflicting decisions); *Rivera-Zayas*, 2021 WL 4776610, at *4 ("The risks that Defendants may face if litigation proceeds in state and federal courts do not qualify as irreparable injuries."), and for the reasons explained earlier the Hotel's argument regarding Title II exclusive jurisdiction is unlikely to succeed, *see Daspin*, 557 F. App'x at 49 (no irreparable harm in form of deprivation of appellate rights, where appeal is unlikely to succeed). Thus, the Hotel has not made a strong showing of irreparable harm, and this factor also weighs against a stay.

In sum, based on the two most critical factors, the Hotel has not met its "heavy burden." *See Vista Food Exch.*, 2019 WL 6498068, at *1; *Nat. Res. Def. Council*, 884 F. Supp. 2d at 122. "Inasmuch as [the Hotel] cannot show that [it] is likely to succeed on the merits and that [it] will be irreparably harmed absent a stay, the balance of factors weighs against granting a stay; [I] need not address the remaining factors." *Daspin*, 557 F. App'x at 49 (citing *Nken*, 556 U.S. at 435).

### IV.   CONCLUSION

For the foregoing reasons, the Hotel's motion for a stay pending appeal is DENIED. The Clerk of Court is respectfully directed to terminate the pending motion, (ECF No. 38).

**SO ORDERED.**

Dated: April 8, 2024
White Plains, New York

*Cathy Seibel*
CATHY SEIBEL, U.S.D.J.